CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 15 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DARREL A. WHITE, | ) Civil Action No. 7:10CV00514 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| vs. | ) |
| OFFICER M. OWENS, ET AL., | ) By: Samuel G. Wilson |
| | ) United States District Judge |
| Defendant(s). | ) |

Plaintiff Darrel A. White brings this action pursuant to 42 U.S.C. § 1983. White alleges in his Complaint that defendants, individuals at the Virginia Department of Corrections' ("VDOC") Wallens Ridge State Prison ("WRSP"), violated his constitutional rights by using excessive force against him. The case is before the court on White's motion requesting his transfer from Red Onion State Prison ("ROSP"), where he is currently housed. White claims that prison officials have harassed him by providing improper medical care, illegally searching his mail and filing false disciplinary actions.[1] Upon review of the record, the court concludes that his motion, which the court construes as requesting interlocutory injunctive relief, must be denied.

A district court should award preliminary injunctive relief sparingly and only when the party seeking relief has demonstrated actual, imminent, irreparable harm, as well as a likelihood of success on the merits. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir.

---

[1] In support these allegations, White attached various grievances and other documents to his motion. However, White does not explain in his motion how these alleged incidents expose him to imminent harm or how they are related to his underlying excessive force claim. From the attached documents, it appears that the alleged incidents include a ROSP nurse's failure to respond to an emergency grievance involving chest pains, unauthorized opening of mail from an attorney by ROSP mail room staff and the filing of a false disciplinary report by a correctional officer at ROSP.

1991); Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997); Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). A preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, and the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing," that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. See Winter v. Natural Res. Def. Council. Inc., 555 U.S. 7 (2008).[2] The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel. Ltd., 952 F.2d at 812. Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc., 926 F.2d at 360.

White cannot show that he faces actual, imminent, irreparable harm. White requests transfer from ROSP because he claims he is being harassed by prison officials, including improper provision of medical care, illegal search of plaintiff's mail and false disciplinary offense reports. White attached documentation to his motion showing that he submitted an emergency grievance complaining of chest pain, to which the ROSP nurse did not appropriately respond. However, this event occurred on March 1, 2011 and White does not claim that he has any ongoing, untreated chest pains or health problems which subject him to imminent harm. Indeed, the grievance response submitted by White indicates that the medical department will be educated on the triage of emergency grievances and requests that he resubmit a sick call if he has

---

[2] The court notes that the Fourth Circuit's previously-established balance-of-hardships test set out in Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977), is no longer applicable. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342 (4th Cir. 2009) vacated by, remanded by, cert. granted, 130 S. Ct. 2371, 176 L. Ed. 2d 764 (2010), reaffirmed in part, remanded by, 607 F.3d 355 (4th Cir. 2010) ("Because of its differences with the Winter test, the Blackwelder balance-of-hardship test may no longer be applied in granting or denying preliminary injunctions in the Fourth Circuit . . . .")

2

further issues. Likewise, White does not demonstrate that the alleged illegal search of his mail or the false disciplinary charge subject him to imminent, irreparable harm. Because White cannot show he faces actual, imminent, irreparable harm, he cannot satisfy all four prongs of the Winter test and he is not entitled to a preliminary injunction.

Moreover, none of the incidents alleged in White's motion for interlocutory injunctive relief are related to his underlying lawsuit claiming excessive force. The incidents do not involve any of the same defendants and take place in a different facility. The actions giving rise to White's excessive force claim occurred at WRSP and involved correctional officers from WRSP. The incidents alleged in White's motion for interlocutory injunctive relief took place in ROSP and involve employees at ROSP. White does not claim that the alleged harassment at ROSP was caused by the alleged constitutional violations in his underlying excessive force claim.[3] An interlocutory injunction is not appropriate when the harm complained of does not arise from the harm alleged in complaint. Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997). ("The purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends it was or will be harmed through the illegality alleged in the complaint."). "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Id.; see also Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on

---

[3] White does assert that he is currently housed at ROSP because he filed a lawsuit under § 1983. However, he does not claim that the constitutional violation alleged in his complaint, use of excessive force by correctional officers at WRSP, caused the harassment alleged in his motion for interlocutory injunctive relief.

3

the lawsuit's merits. Devose, 42 F.3d at 471. White's motion for interlocutory injunctive relief has nothing to do with preserving the district court's decision-making power over the merits of White's § 1983 lawsuit. To the contrary, White's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his excessive force lawsuit. These new assertions might support separate claims against different prison officials in a separate lawsuit; however, they cannot provide the basis for a preliminary injunction in this lawsuit.

Accordingly, the plaintiff's motion for a preliminary injunction is denied.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

**ENTER**: This 15th day of June, 2011.

United States District Judge